----------o----------

THE BOATMEN'S INSURANCE AND TRUST COMPANY, Plaintiff in Error, v. BARTON ABLE AND CHARLES M. ELLEARD, Defendants in Error.

1. *Corporations — Stock, transfer of title to — Surrender of certificate of stock.*—Although the purchaser of stock in an incorporated company may insist, as a condition precedent to the purchase of the stock, that the certificate be surrendered to the company for cancellation, yet where no such condition was insisted on, and the transfer was in fact made on the books of the company, such assignment would be sufficient without surrender of the certificate to pass the title to the stock.

*Error to St. Louis Circuit Court.*

*Glover & Shepley*, for plaintiff in error.

I. There was no evidence of any transfer of stock on the books of the company, or of any acceptance of a transfer by the company.

II. The sale of the certificate, though not entered on the books of the company, gives an equitable title to the shares. It may not secure the right to vote the stock or co-operate in other official relations as a stockholder, but the beneficial ownership passes. (Commercial Bank, etc., v. Cartwright, 22 Wend. 348; Fatman v. Lobach, 1 Duer, 354; Leavitt v. Fisher, 4 Duer, 1; Stebbins v. Phœnix, 3 Paige, 350; Mount Holly, etc., v. Terrill, 17 N. J. Eq. 117; New York, etc., v. Schuyler, 38 Barb. 534; Chambersburg, etc., v. Smith, 11 Penn. St. 120; Quinner v. Marblehead, 10 Mass. 476; Sargent v. Essex, 9 Pick. 204; Franklin Ins. Co. v. Sargent, 8 Pick. 90; 10 Ala., N. S., 82; Chouteau Spring Co. v. Harris, 20 Mo. 382.) The case of White, Ex'r, v. Salisbury, 33 Mo. 152, is not in conflict with the authorities just quoted. There no certificate of stock appears ever to have issued.

*Sharp & Broadhead*, for defendants in error.

In order to make a transfer of stock, the certificate need not be produced and canceled. The certificate is not the property, it is not the stock; it is only one evidence of title to the property, just as a bill of sale is evidence of title to property. A bill of sale or deed need not be given up by a vendor or canceled by him when he sells. (White, Ex'r, v. Salisbury, 33 Mo. 150; McClaren v. Franciscus, 43 Mo. 452; Chouteau Spring Co. v. Harris, 20 Mo. 382; Worrall v. Judson, 5 Barb. 210; Roosevelt v. Brown, 11 N. Y. 148.)

BLISS, Judge, delivered the opinion of the court.

Defendants were indebted to the plaintiff by a promissory note for $4,000, and Able, the principal upon the note, owned stock in the company. Upon maturity of the note, defendant Able proposed to sell the plaintiff his stock in part payment, and to his proposition received the following reply:

"DEAR SIR: I am instructed to receive your eighty shares of Boatmen's Insurance stock at fifteen dollars per share, and credit the amount on your new note for $4,000, payable at thirty days

after date. If the above proposition meets your views, you will please send your note and your stock certificate by your boy, and step in yourself and transfer the same on the books of the company. Yours respectfully, EDW. BROOKS, *Sec'y*."

The new note was sent in without the certificate, and a few days after, Mr. Able called and said his stock certificate was mislaid, but that he would look it up, and signed upon the stockbook of plaintiff the usual blank transfer of his stock, to be filled up by plaintiff's officers. Not being able to find his certificate, he again calls and asks that the price of the stock be indorsed upon the note without its production; but plaintiff's secretary refused to make the indorsement unless Mr. Able would obtain a new certificate and assign it by complying with the terms of one of the company's by-laws. This Mr. Able would not do. The new note went to protest, and this suit is brought to recover its amount. The answer sets up part payment by a transfer of the stock, and the reply denies the transfer. The only question of fact put in issue was whether the stock was actually transferred or not; and the court, finding the affirmative of that issue, gave judgment for the balance due on the note. Even if we thought that the preponderance of evidence showed that plaintiff's officers took the assignment conditionally, and never intended to receive the stock unless the certificate was given up, and hence that it was not in fact transferred, yet the court below found otherwise, and that finding we cannot review, but can only inquire whether the court was justified in refusing the following declaration of law asked by plaintiff: "If the court find that plaintiff agreed with defendant Able to take eighty shares of stock, standing on their books in his name, and credit $1,200 on the debt in suit, without knowing said Able could not produce his certificate for said shares for cancellation, plaintiffs were not bound to enter said credit without such production of said certificate for cancellation; and if said Able would neither produce said certificate for cancellation nor take steps provided by plaintiff's by-laws to procure another certificate in case of loss, the verdict should be for plaintiffs."

This declaration, if made, would have been defective in ignor-

ing several facts, among which was the actual assignment upon the company's books; nor does it seem to have been drawn with a careful reference to the issue. The question was transfer or no transfer, purchase or no purchase, and it only touches that question argumentatively. With reference to this issue, the scope and effect of the instruction must be understood to be that there could have been no transfer of the stock without a surrender of the stock certificate, unless such surrender was waived by the purchaser, and that this stock was not in fact transferred for want of compliance with the requirements of the company's by-laws in obtaining a new certificate for surrender. Had the declaration predicated the agreement to purchase upon such surrender, as a condition of receiving the stock, it would have been so far clearly right, for the plaintiff's officers had a right to affix any condition to their agreement they saw fit. They certainly had a right to insist that the outstanding stock certificate should be given up, and to refuse to receive a transfer until it was done. But the declaration does not do that; and if the construction I have given it be the correct one, the plaintiff is made to claim that no credit should be given for the stock, although it may have been legally transferred. We have, then, only to consider whether the transfer could have been in fact made without the production of the certificate, and not whether defendant Able failed to comply with a reasonable condition in an agreement to purchase. Upon this point there can be no doubt. Plaintiff's charter, approved January 26, 1864 (§ 8), expressly provides that the stock shall "be assignable only on the books of the company," and thus adopts the rule applicable to the transfer of corporation stock, whether expressed in the charter or not, with its corollary that such assignment upon the books passes the title. (White, Ex'r, v. Salisbury, 33 Mo. 150.) It is also a recognized rule in the sale of stock that an assignment or transfer of a stock certificate will not of itself pass the title to the stock, although, like an agreement in writing to sell land, it gives an equity, and the assignee of the certificate can compel a transfer upon the books except as against a *bona fide* purchaser who has acquired a title by such transfer. (Sargent

v. Franklin Ins. Co., 8 Pick. 90 ; Sargent v. Essex M. R. C., 9 Pick. 202 ; Com. Bank v. Cartwright, 22 Wend. 348 ; Chouteau, etc., v. Harris, 20 Mo. 382. )

The fear that there might be such outstanding equity that would give trouble to the purchaser, would be a very good reason on his part for insisting, as a condition of purchase, that the certificate be surrendered. But when no such condition was insisted on, and the transfer was in fact made, such fear would be no excuse for refusing payment. The purchaser in that case would assume the risk of all the trouble that might arise from the outstanding certificate. The court below found this fact against the plaintiff, and, having so found it, committed no error in refusing the declaration of law he sought.

The judgment will be affirmed. Judge Wagner concurs. Judge Currier not sitting.